IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TRENT LEBAHN,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**ELOISE OWENS, former Pension**  )<br>**Consultant for the NATIONAL FARMERS**  )<br>**UNION PENSION COMMITTEE,**  )<br>)<br>**Defendant.**  )<br>_____)  | Case No. 14-1001-CM |

## MEMORANDUM AND ORDER

Plaintiff Trent Lebahn brings this diversity action for negligent misrepresentation against defendant Eloise Owens, a former pension consultant for the National Farmers Union Uniform Pension Plan ("the Plan"). Plaintiff claims that defendant misinformed him about the amount of monthly benefits he would receive in retirement. Based on defendant's representations, plaintiff elected to retire, believing he would receive over $8,000 monthly. For nine months, plaintiff received this amount. But in March 2013, a representative of the Plan contacted plaintiff. He indicated that plaintiff had been overpaid. According to the representative, plaintiff should have received less than $4,000 in monthly benefits. And the Plan's attorney informed plaintiff that he owed the Plan over $40,000—the amount that plaintiff had been overpaid.

Defendant filed a motion to dismiss this action (Doc. 4), arguing that plaintiff's claim for negligent misrepresentation is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA has a broad federal reach over claims relating to pension plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) ("The [ERISA] pre-emption clause is conspicuous for its breadth."); *see also Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (referring to ERISA's preemption

provision as "broadly worded" and "clearly expansive"). Specifically, the ERISA preemption clause provides: "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The key inquiry is whether the state cause of action "'relate[s] to' an employee benefit plan and therefore fall[s] under ERISA's express pre-emption clause." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). This question, however, is not easily answered. *Airparts Co. v. Custom Benefit Servs. of Austin, Inc.*, 28 F.3d 1062, 1064 (10th Cir. 1994) ("There is no simple test for determining when a law 'relates to' a plan.").

State law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). And where state law does not refer to an ERISA plan, courts determine the scope of preemption by looking to ERISA's objectives. *See id.*; *Carroll v. Los Alamos Nat'l Sec., LLC*, 407 F. App'x 348, 352 (10th Cir. 2011) ("[T]he Supreme Court has 'go[ne] beyond the unhelpful text and the frustrating difficulty in defining [relate to]' in favor of 'look[ing] instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.'" (quoting *De Buono v. NYSA-ILA Med. & Clinical Servs. Fund*, 520 U.S. 806, 813–14 (1997)) (additional quotations omitted)). One objective of ERISA is "to establish the regulation of employee welfare benefit plans 'as exclusively a federal concern.'" *Travelers Ins. Co.*, 514 U.S. at 656 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Preemption serves to apply a uniform body of law to claims relating to employee benefit plans. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir. 1999).

In the Tenth Circuit, there are several categories of state laws that "relate to" a benefit plan. One is relevant to this case: "laws and common-law rules providing remedies for misconduct growing

out of the administration of such plans." *David P. Coldesina, D.D.S., P.C., Emp. Profit Sharing Plan & Trust v. Estate of Simper*, 407 F.3d 1126, 1136 (10th Cir. 2005); *Woodworker's Supply, Inc.*, 170 F.3d at 990.  The statutory preemption may apply "even if the law is not specifically designed to affect [ERISA] plans" and even if the state law "is consistent with ERISA's substantive requirements." *Cannon v. Grp. Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1273 (10th Cir. 1996).  Claims that "affect the structure, the administration, or the type of benefits provided by an ERISA plan" are preempted. *Kisor v. Advantage 2000 Consultants, Inc.*, 799 F. Supp. 2d 1204, 1212 (D. Kan. 2011).

But ERISA's reach is not boundless.  *See Travelers Ins. Co.*, 514 U.S. at 656.  "Some state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983); *see also Dist. of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n.1 (1992).  And preemption does not apply to "[c]laims that solely impact a plan economically generally." *Estate of Simper*, 407 F.3d at 1136; *see also Hospice of Metro Denver, Inc. v. Grp. Health Ins. of Okla., Inc.*, 944 F.2d 752, 754 (10th Cir. 1991) ("When a state law 'does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated.'" (quoting *Rebaldo v. Cuomo*, 749 F.2d 133, 139 (2d Cir. 1984))).

This case centers on plaintiff's pension plan and representations made to him about that plan. Defendant was a consultant for the Plan, which is an ERISA-governed pension plan.  Plaintiff alleges that defendant misrepresented to plaintiff the benefits that he would receive in retirement (through the Plan).  In other words, but for the Plan, plaintiff would have no claim—making the Plan itself a critical factor in the case.  *See, e.g.*, *Ingersoll-Rand Co.*, 498 U.S. at 139–40 ("Here, the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law.").  Moreover,

plaintiff's damages will ultimately be based on a calculation of potential Plan benefits.  And defendant's acts of determining plaintiff's eligibility, calculating his benefits, and advising plaintiff of these determinations constituted "administration" of the Plan.  *See Airparts Co.*, 28 F.3d at 1065 (listing "determining an employee's eligibility for a benefit and the amount of that benefit" as impacting the "primary administrative functions of benefits plans"); *Kisor*, 799 F. Supp. 2d at 1213 ("Plan administration includes 'determining the eligibility of claimants, calculating benefit levels, making disbursements, monitoring the availability of funds for benefit payments, and keeping appropriate records in order to comply with applicable reporting requirements.'" (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9 (1987))).

ERISA's objectives also support finding plaintiff's claim related to the Plan.  Plaintiff's claim directly impacts ERISA's objective of making the regulation of employee benefits plans "exclusively a federal concern."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  If the court were to allow the negligent misrepresentation claim to proceed, it would leave questions about the administration of the Plan to Kansas law.  By subjecting defendant's actions to Kansas law, the court would be subverting ERISA's objective of providing uniform guidelines for plan fiduciaries.  Based on all of these considerations, the court determines that plaintiff's claim is "related to" the Plan.

Consistent with the above determination, this district has a long history of finding misrepresentation claims preempted by ERISA.  *See Beach v. Mut. of Omaha Ins. Co.*, 229 F. Supp. 2d 1230, 1238 n.31 (D. Kan. 2002) (collecting cases); *see also Straub v. W. Union Tel. Co.*, 851 F.2d 1262, 1263–64 (10th Cir. 1988) (applying preemption to negligent misrepresentation claims).  In a more recent case, however, Judge Rogers found no preemption of a claim similar to that alleged in this case.  *See generally Isham v. Boeing Co.*, No. 13-1098-RDR, 2013 WL 2382961 (D. Kan. May 22, 2013).  Specifically, Judge Rogers held:

> Although plaintiff contends that he does not seek to recover any benefit encompassed by an ERISA plan in this action, defendant maintains that preemption is still mandated because the foundation[s] for plaintiff's claims are that plaintiff was misled regarding his entitlement to coverage under an ERISA plan and that this induced him to retire to his economic detriment.  Defendant argues that to establish the fraud and misrepresentation claims alleged in the complaint, plaintiff would have to establish: the terms of the ERISA plan; what terms were or were not communicated to him; how those communications differed from the terms of the plan; whether there was a miscommunication or 'noncommunication'; whether the communicator knew the true terms of the plan; whether plaintiff possessed the plan's documents; and the reasonableness of his reliance upon the alleged misrepresentations.  Defendant asserts that this will require the court to analyze the plan's terms and plaintiff's eligibility.
>
> These arguments are not sufficient to warrant a finding of preemption on the face of the pleadings.  Defendant's arguments focus upon the fact that plaintiff's claims 'refer' to an ERISA plan.  But, as mentioned earlier, the Supreme Court seems to have shifted somewhat away from asking the broad question of whether the state law 'refers' to an ERISA plan toward acknowledging the normal presumption against preemption of state law and looking at whether the objectives of the ERISA statute would survive the application of the state law.

*Id.* at *4.  In *Isham*, Judge Rogers found that allowing the state law claim would not undermine the objectives of ERISA.  *Id.*  Plaintiff urges this court to follow Judge Rogers's holding in *Isham* and find no preemption here.  But the court cannot make the same findings as Judge Rogers.  In this case, ERISA's objectives are supported by applying the preemption doctrine.  As Judge Rogers noted, "'What triggers ERISA [preemption] is . . . an effect on the primary administrative functions of benefits plans, such as determining an employee's eligibility for a benefit and the amount of that benefit.'"  *Id.* at *3 (quoting *Airparts Co.*, 28 F.3d at 1065).  Defendant's determination of plaintiff's eligibility and benefit amount are directly at issue here.  *Isham* does not require this court to allow plaintiff's claim to proceed.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 4) is granted.

Dated this 12th day of June, 2014, at Kansas City, Kansas.

    s/ Carlos Murguia  
    **CARLOS MURGUIA**  
    **United States District Judge**