IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRENT LEBAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-1001-CM |
| ELOISE OWENS, former Pension ) | |
| Consultant for the NATIONAL FARMERS ) | |
| UNION PENSION COMMITTEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Trent Lebahn brought this diversity action for negligent misrepresentation against defendant Eloise Owens, a former pension consultant for the National Farmers Union Uniform Pension Plan ("the Plan"). Plaintiff claims that defendant misinformed him about the amount of monthly benefits he would receive in retirement. On June 13, 2014, the court dismissed the action based on the doctrine of preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"). The court entered judgment that same day.

On July 14, 2014, plaintiff filed a motion for reconsideration (Doc. 24). Plaintiff purported to move under Federal Rule of Civil Procedure 59(e)—asking the court to correct clear error or prevent manifest injustice. The problem with plaintiff's argument is that he filed the motion too late for consideration under Rule 59(e). *See Watson v. Ward*, 404 F.3d 1230, 1231–32 (10th Cir. 2005) (observing that the district court lacks jurisdiction over an untimely Rule 59(e) motion). Motions to alter or amend are due within twenty-eight days of entry of judgment. Fed. R. Civ. P. 59(e). Because plaintiff's motion is untimely, the court must instead consider it as a motion for relief from judgment

-1-

under Rule 60(b). *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *City of Shawnee, Kan. v. Argonaut Ins. Co.*, No. 06-2389-GLR, 2008 WL 2699906, at *1 (D. Kan. July 2, 2008).

Unfortunately for plaintiff, Rule 60(b) carries a higher burden than Rule 59(e). Relief is only proper under Rule 60(b) in "exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Plaintiff contends that two such circumstances are present: (1) the court made mistakes; and (2) "any other reason justifying relief" exists. In his reply brief, however, plaintiff centers his arguments on the court's mistakes. According to plaintiff, this court erred in the following ways:

- The court mistakenly ruled on the fiduciary status of defendant.
- Even if ruling on the fiduciary status was proper, defendant was not a fiduciary.
- The court made a mistake in its application of *Airparts Co. v. Custom Benefit Services of Austin*, 28 F.3d 1062 (10th Cir. 1994).

Relief under Rule 60(b)(1) for a judicial mistake may be appropriate when the judge made "a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). But the only mistakes justifying relief are those that are "facially obvious." *Van Skiver*, 952 F.2d at 1244. "Arguments that the court misapplied the law or misunderstood a party's position are properly brought under Rule 59(e), but do not justify relief under Rule 60(b)." *Rojas v. Am. Postal Workers Union*, No. 94-1083-JTM, 1998 WL 288665, at *1 (D. Kan. May 5, 1998) (citation omitted). And a party may not use a Rule 60(b) motion to raise arguments that he could have raised earlier. *Smilde v. Mortgage Temps, Inc.*, 22 F. App'x 957, 958 (10th Cir. 2001) (citation omitted).

Plaintiff's three arguments overlap. In essence, plaintiff contends that defendant is <u>not</u> a fiduciary and that the court improperly assumed or found that she was. Instead, the court should have

recognized that defendant was an independent contractor—who was not a fiduciary—and should have acknowledged that *Airparts* required a finding of "no preemption" for plaintiff's claim against defendant.

The fundamental problem with plaintiff's arguments is the fact that they are raised too late. Plaintiff's motion to reconsider and reply memorandum contain markedly different material than plaintiff's response to the motion to dismiss. In his response to the motion to dismiss, plaintiff cited *Airparts* only twice, both for the general law on ERISA preemption. (Doc. 9 at 6–7.) The response focused on encouraging the court to follow *Isham v. Boeing*[1] and distinguishing *Enneking v. Schmidt Builders Supply, Inc.*[2] and *Straub v. Western Union Telegraph Co.*[3] The response contained no discussion of what it means to be a fiduciary and included only one embedded reference to defendant as an "independent contractor." (*Id.* at 9.) This terminology was not used in the complaint at all.

In contrast, plaintiff's motion to reconsider and reply memorandum focus nearly exclusively on the fiduciary question. The documents refer in a conclusory manner to defendant's role as an independent third party consultant. They reference *Airparts* at length and state that the court should have followed the true holding of *Airparts* instead of citing it for general preemption law. In short, plaintiff now argues that the court made a mistake when it granted defendant's motion to dismiss because (1) defendant's fiduciary status could not be determined; or (2) defendant was not a fiduciary. Significantly, the court would have had to make this ruling sua sponte.

Had plaintiff made his fiduciary arguments in his response to the motion to dismiss, it is possible that the outcome may have been different. Had plaintiff even filed his motion to reconsider in time to be considered as a Rule 59(e) motion, it is still possible that the court might decide to re-examine the preemption question. But neither of these scenarios is present. Plaintiff now has the high

---

[1] No. 13-1098-RDR, 2013 WL 2382961 (D. Kan. May 22, 2013).
[2] 917 F. Supp. 2d 1200 (D. Kan. 2013).
[3] 851 F.2d 1262, 1263 (10th Cir. 1988).

burden of showing that the court made a mistake so exceptional that it is obvious on the record and merits setting aside the judgment.

The court's judgment was not an obvious mistake. The court applied the law to the facts and issues as pleaded by plaintiff and briefed by the parties. Plaintiff states in his reply brief that he "has claimed that defendant is not a fiduciary." (Doc. 26 at 5.) The court is uncertain where (other than in the briefing to the instant motion) plaintiff made this claim. The complaint does not contain the word "fiduciary." And plaintiff's response to the motion to dismiss contains the word only once, while quoting from another case. (Doc. 9 at 12.) Quite simply, plaintiff failed to bring this issue to the court's attention until he lost the motion to dismiss. This is not the proper time to raise an argument. *See Smilde*, 22 F. App'x at 958. Plaintiff now claims that the court made a serious mistake of law. But Rule 60(b)(1) relief is not appropriate for a motion "premised solely on [a party's] disagreement with the court's interpretation, application, and conclusions of law." *Tri-State Truck Ins. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *1 (D. Kan. Oct. 6, 2011). Plaintiff raises issues that are—at most—arguable, but "arguable" does not equate to relief under Rule 60(b)(1). *Id.*; *Seyler v. Burlington N. Santa Fe Corp.*, 121 F. Supp. 2d 1352, 1357 (D. Kan. 2000).

In plaintiff's reply memorandum, he also cites subsection (6) of Rule 60(b). Plaintiff makes no specific argument, however, why relief is justified under this provision. Subsection (6) is the rule's "catchall" provision. It is reserved for situations in which it "offends justice" to deny relief, *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998), and applies only in "extraordinary circumstances," *Van Skiver*, 952 F.3d at 1244–45. None of the arguments plaintiff made in his motion for reconsideration (which were originally targeted at Rule 59(e) relief) meet this standard. And plaintiff's arguments raised in his reply memorandum are addressed above. For the same reasons as

those stated above, the court concludes that this case does not present an instance in which it offends justice to deny relief.

As a final note, plaintiff states that he will be left without a remedy if the court's decision stands. The court sympathizes with plaintiff. Certainly, the facts of this case present an unfortunate situation, and the court does not intend to minimize those facts. But sympathy is not a proper reason to award relief under Rule 60(b). Upon full consideration of the pending motion and the governing law, the court determines that its earlier decision must stand.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 24) is denied.

Dated this   10th   day of October, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**